Matthias, J.,
 

 dissenting. I cannot concur with the conclusions announced by the majority. I dissent therefrom and my dissent is based solely upon the fundamental question presented in this case. That question is whether Amended Senate Bill No. 204, passed by the General Assembly, of this state, and approved by the Governor, is a law or merely “An Act in aid or performance of a federal function.”
 

 If it is a law, then under the express provisions of our state Constitution it is subject to referendum, for concededly it does not fall within the class of laws specifically exempt from the referendum provisions of our Constitution.
 

 No legislation had previously been enacted in this state providing for such conventions or for the elec
 
 *107
 
 tion of delegates. Concededly. such legislation is essential. The act in question was passed to meet that necessity. It is general in its terms, and fully provides for conventions to pass upon amendments to the Constitution of the United States proposed by Congress for ratification. It specifies the number of delegates, the qualification of candidates, the method of their nomination, the form of the ballot, the manner of election, the certification thereof, and other essential details. It is a law, was passed as such, approved by the Governor as such, and filed in the office of the secretary of state.
 

 The enactment of this legislation is no more the performance of a federal function, and no less a state function, than legislation providing for the election of United States Senators and Representatives in Congress, or legislation redistricting the state for congressional purposes. The Supreme Court of the United States in the case of
 
 Smiley
 
 v.
 
 Holm, Secy. of State,
 
 285 U. S., 355, 52 S. Ct., 397, 76 L. Ed., 795, the opinion being by Chief Justice Hughes, held that the function of a state Legislature in prescribing the time, place, and manner of holding elections for representatives in Congress is a lawmaking function. It specifically held that, being a lawmaking function, the act in question was subject to the veto power of the Governor of the state. It reversed the Supreme Court of Minnesota, which had held that the Legislature in redistricting the state was not acting strictly in the exercise of the lawmaking power but merely as an agency, discharging a particular duty in the manner which the Federal Constitution required.
 

 The Supreme Court of the United States in the case of
 
 Davis
 
 v.
 
 Hildebrant,
 
 241 U. S., 565, 36 S. Ct., 708, 60 L. Ed., 1172, affirming this court (94 Ohio St., 154, 114 N. E., 55), the opinion being by Chief Justice White, held that the term “Legislature ’ ’ means not only the General Assembly, but embraces the lawmaking
 
 *108
 
 power of the state as prescribed by the Constitution, and that an act redistricting the state for congressional purposes is subject to referendum. The case of
 
 Hawke
 
 v.
 
 Smith,
 
 253 U. S., 221, 40 S. Ct., 495, 64 L. Ed., 871, 10 A. L. R., 1504, has no application whatever to this ease. The distinction pointed out in the opinion in that case between it and the
 
 Davis case
 
 is likewise applicable here. It is as follows: “Such legislative action is entirely different from the requirement of the Constitution as to the expression of assent or dissent to a proposed amendment to the Constitution. In such expression no legislative action is authorized or required. ’ ’
 

 The people of this state may provide the method of selecting those who are to represent them, whether in convention or Congress. We have nothing to do with the method of constituting conventions in other states, and they have no part in such proceeding in this state. That is a state function,, particularly in the absence of any definite provision otherwise by Congress. If Congress had provided that the proposed amendment be submitted to the respective Legislatures, instead of to conventions, certainly no one would contend that the legislation providing the procedure for election of members of the General Assembly of Ohio was not a law, but was merely “An act in aid or performance of a federal function.”
 

 The right of referendum is not dependent upon the opinion of the court or any other tribunal respecting the virtues or vices of the legislation. If in accord upon the proposition that it is the acme of perfection as a legislative measure, yet, if the requisite number of qualified electors of the state duly sign and file with the secretary of state petitions calling for the submission of such law to the electors of the state for their approval or rejection it should be submitted in accordance with the referendum provisions of the state Constitution.